# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSIAH CAYENNE, | |
| Plaintiff, | CIVIL NO. 3:23-CV-01543 |
| v. | |
| DETECTIVE JOHN BOHRMAN, | (LATELLA, M.J.) |
| Defendant. | |

## MEMORANDUM OPINION

This matter stems from a 2019 incident, where a Mount Pocono West High School student reported that a fellow student, the Plaintiff, Josiah Cayenne, sexually assaulted her on a school activity bus. Following that report and a preliminary investigation, school officials referred the matter to local law enforcement. Ultimately, the Mount Pocono Regional Police Department filed criminal charges against Cayenne. Cayenne entered into a plea agreement, pleading guilty to corruption of minors and was sentenced to one year of probation. He filed an appeal, and the Pennsylvania Superior Court reversed his adjudication of delinquency based upon the language of the Pennsylvania statute criminalizing the corruption of minors.

Cayenne then initiated this federal lawsuit against five defendants.  Following an amended pleading and multiple motions to dismiss, the sole remaining defendant is Detective John Bohrman ("Detective Bohrman").  Detective Bohrman has filed a motion for summary judgment, which is ripe for disposition.  For the reasons set forth herein, his motion will be granted.

1. <u>**Background and Procedural History**</u>

Plaintiff commenced this action by filing a Complaint on September 15, 2023 against Defendants Tobyhanna Township, PA, Coolbaugh Township, Chief of Police Chris Wagner ("Chief Wagner"), Detective Bohrman, and Dean Nick Morrell ("Dean Morrell").  (Doc. 1).  On March 27, 2024, Defendants Chief Wagner and Detective Bohrman filed a Motion to Dismiss.  (Doc. 14).  Plaintiff filed a motion for leave to file an amended complaint on April 12, 2024.  (Doc. 16).  Magistrate Judge Carlson entered an Order on April 15, 2024, granting Plaintiff's motion to amend and dismissing Defendants' Motion to Dismiss as moot.  (Doc. 18).  Multiple motions to dismiss were subsequently filed by Defendants.  First, Defendants Detective Bohrman and Police Chief Wagner filed a Motion to Dismiss on April 17, 2024.  (Doc. 20).  Dean

2

Morell then filed a Motion to Dismiss on May 10, 2024.  (Doc. 22).

Finally, Defendants Tobyhanna Township and Coolbaugh Township

filed a Motion to Dismiss on May 14, 2024.  (Doc. 23).  Plaintiff again

filed a "Motion for Leave to File Amended Complaint" on May 28, 2024.

(Doc. 31).  Magistrate Judge Carlson denied Plaintiff's second Motion

for Leave to File Amended Complaint without prejudice due to

Plaintiff's failure to follow Local Rule 15.1.  (Doc. 35).  On June 3, 2024,

the parties consented to have Magistrate Judge Carlson conduct all

further proceedings.[1]  (Doc. 34).  On June 17, 2024, Plaintiff filed a new

"Motion for Leave to File Amended Complaint" (Doc. 36), which was

again denied without prejudice due to Plaintiff's failure to comply with

Local Rule 15.1.  (Doc. 37).

―――――――――――――

[1] This matter was reassigned to Magistrate Judge Caraballo on January
30, 2025 and subsequently reassigned to the undersigned Magistrate
Judge on June 10, 2025.  On June 24, 2025, we issued an Order
notifying the parties that the matter was transferred to the
undersigned on June 10, 2025 and that we intended to continue to
exercise the jurisdiction previously consented to by the parties.  (Doc.
61).  We provided the parties with an opportunity to object to our
continued exercise of jurisdiction.  (*Id*.).  No such objections were filed.

On August 5, 2024, Magistrate Judge Carlson entered a Memorandum and Order granting Defendant Dean Morell's Motion to Dismiss. (Docs. 39, 40). On that same date, he also entered a Memorandum and Order granting Defendants Tobyhanna and Coolbaugh Townships' motion to dismiss. (Docs. 41, 42). The following day, Magistrate Judge Carlson granted in part and denied in part Chief Wagner and Detective Bohrman's Motion to Dismiss. (Docs. 43, 44). More specifically, he granted Chief Wagner's Motion to Dismiss in full and granted Detective Bohrman's Motion to Dismiss with respect to the intentional inflection of emotional distress claim but denied the motion in all other respects. (Doc. 44). Further, he ordered Plaintiff to "submit a more definite statement of his remaining claims against Detective Bohrman within 30 days." (*Id.*). Plaintiff did not comply with that portion of the Court's Order.

On October 7, 2024, Detective Bohrman filed an Answer (Doc. 48) to Plaintiff's Amended Complaint (Doc. 19). On January 30, 2025, Detective Bohrman filed a Motion for Summary Judgment and filed a supporting brief the following day. (Doc. 55, 56). On February 28, 2025, Plaintiff filed an Answer to the Statement of Facts and a brief in

opposition to Detective Bohrman's Motion for Summary Judgment.

(Docs. 57, 58).

## 2. UNDISPUTED MATERIAL FACTS

The following facts are taken from the Detective Bohrman's

Statement of Material Facts and Plaintiff's Answer thereto.[2]  On May 8,

_____

[2] Pursuant to Local Rule 56.1, we accept as true all undisputed material facts supported by the Record.  Where the record evinces a disputed fact, we will take notice.  On this matter, however, we are compelled to remind both parties of their respective obligations to comply with the Local Rules.  Local Rule 56.1 sets forth the procedure for filing a motion for summary judgment.  In relevant part, it states:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a *separate*, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.

M.D. Pa. L.R. 56.1.  Detective Bohrman filed a "Motion for Summary Judgment," which consists of 22 numbered paragraphs including both conclusions of law and statements of fact.  The factual statements include citations to the Record.  Plaintiff apparently construed this filing as Detective Bohrman's statement of material facts, as the Answer he filed correlates with the paragraphs in the "Motion for Summary Judgment."  (*See* Doc. 55).  We will also construe the "Motion for Summary Judgment" as Detective Bohrman's statement of undisputed material facts.  Additionally, in his brief, Plaintiff included a section entitled, "Factual Circumstances."  (Doc. 58 at 3).  While the facts in this section included citations, the documents cited to were not

*(footnote continued on next page)*

2019, Plaintiff and his classmate, A.A.[3], were riding an activity bus

together from an afterschool club back to the community where they

both lived.  (Doc. 55, ¶2; Doc. 57, ¶2).  Plaintiff and A.A. sat together in

the same seat.  (Doc. 55, ¶3; Doc. 57, ¶3).  A.A. sat next to the window

and Plaintiff sat in the aisle seat.  (*Id.*).  The bus was full of other

students.  (*Id.*).  Plaintiff put his arm around A.A., touched her breast,

and then put his hand inside of her pants and penetrated her vagina

with his fingers multiple times.  (Doc. 55, ¶4; Doc. 57, ¶4).

---

attached as exhibits.  And in any event, Local Rule 56.1 does not permit
the non-moving party to file an additional statement of material facts
that does not respond to the moving party's statement.  *See Farmer v.
Decker*, 353 F. Supp.3d 342, 347 n.1 (M.D. Pa. 2018) (disregarding non-
movant's additional statement of facts for non-compliance with Local
Rule 56.1); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa.
2015) (noting that a separate statement that is not responsive to
movant's statement "is neither contemplated nor permitted by the Local
Rules"); *see also, e.g., Rau v. Allstate Fire & Cas. Ins. Co.*, 793 F. App'x
84, 87 (3d Cir. 2019) (upholding district court's decision to strike
counter statement of facts under Local Rule 56.1).

[3] Given the very sensitive nature of the underlying circumstances giving
rise to Plaintiff's arrest, the parties have consistently referred to this
party as A.A. in order to protect her identity.  We will do the same.

The following day, May 9, 2019, A.A. gave a statement school

resource officer Jason Wile ("SRO Wile"), stating:

> I was sitting on the inside of the seat and talking
> to my friend and he wrapped his arm around me
> and started touching my breast then he touched
> inside my pants while on the bus and he was
> fingering me until he had to get off the bus.  He
> never asked me to do it I froze that's why I didn't
> tell him to stop.  I normally don't sit with him.  I
> believe his name is Josiah.

(Doc. 55, ¶7).[4]

---

[4] We note that Plaintiff denied in part and admitted in part this fact.
(Doc. 57 at ¶7).  However, Plaintiff does not indicate whether he admits
or denies that A.A. provided that statement to the school resource
officer.  (*Id*.)  Rather, he admits that "he did touch A.A.'s vagina and
breast."  Plaintiff then provides his version of the events that occurred
on May 8, 2019, maintaining that the encounter was consensual.  (*Id*.).
Local Rule 56.1 provides, in relevant part, that "[a]ll material facts set
forth in the statement required to be served by the moving party will be
deemed to be admitted unless controverted by the statement required to
be served by the opposing party."  M.D. Pa. L.R. 56.1.  Here, Plaintiff
did not provide a citation to any evidence in the record controverting
Detective Bohrman's assertion that A.A. provided the quoted statement
to SRO Wile.  (*See* Doc. 57, ¶7).  Accordingly, that fact – but not the
substance of the statement – will be deemed admitted.  *See Ullrich v.
U.S. Sec. of Veterans Affairs*, 457 Fed. App'x 132, 137 (3d Cir. 2012)
(finding the district court properly deemed facts admitted where
opposing party failed to properly dispute them).

7

Also on May 9, 2019, Plaintiff was called to the assistant principal's office, where he met with Dean Morrell. (Doc. 55, ¶5; Doc. 57, ¶5). Plaintiff gave a written statement at that time, which was signed by both Dr. Morrell and Plaintiff, who reviewed the document together. (*Id.*). Plaintiff does not dispute that he touched A.A.'s breast or penetrated her vagina. (Doc. 55, ¶6; Doc. 57, ¶6). He admitted to doing so in the written statement that he provided to Dr. Morrell and affirmed the same in his deposition on January 2, 2025. (*Id.*). However, Plaintiff maintains that the contact was consensual. (Doc. 55, ¶8; Doc. 57, ¶8). He asserts that A.A. consented to all of his touching before it occurred. (*Id.*).

On August 18, 2019, Detective Bohrman executed an affidavit of probable cause seeking an arrest warrant for Plaintiff, alleging that Plaintiff had committed delinquent acts of aggravated indecent assault without consent, indecent assault without consent of other, and open lewdness. (Doc. 55, ¶9; Doc. 57, ¶). The Affidavit of Probable Cause includes the statement that A.A. provided to SRO Wile as well as the statement that Plaintiff made to the Dean Morrell. (Doc. 55, ¶10; Doc. 57, ¶10). On January 1, 2020, the Monroe County District Attorney's

8

Office filed a petition alleging Plaintiff's delinquency for the offenses of aggravated indecent assault without consent, indecent assault without consent of other, and open lewdness.  (Doc. 55, ¶11; Doc. 57, ¶11).

On July 7, 2021, Plaintiff executed a four-page written "admission colloquy," admitting to corruption of minors, a first degree misdemeanor.  (Doc. 55, ¶12; Doc. 57, ¶12).  After an adjudication hearing, during which the Court conducted an oral colloquy, the Court accepted Plaintiff's admission, finding that it was voluntarily made.  (Doc. 55, ¶13; Doc. 57, ¶13).  In exchange for Plaintiff's admission, the Commonwealth of Pennsylvania agreed to *nolle prose* the original charges.  (Doc. 55, ¶14; Doc. 57, ¶14).  In accordance with the Pennsylvania Rules of Juvenile Court Procedure, before accepting an admission, the court must ensure there is a factual basis for the admission.  (Doc. 55, ¶15; Doc. 57, ¶15).  Accordingly, the court noted the following as the factual basis for Plaintiff's admission: "this juvenile [Plaintiff] and another juvenile [A.A.] were on a bus and there was sexual contact, which the victim [A.A.] indicated that it [sic] was unwanted."  (*Id*.).  The Pennsylvania Superior Court vacated and reversed Plaintiff's adjudication of delinquency because a "child,"

according to the statutory language, is incapable of committing the crime of corruption of minors where the statute requires the perpetrator to be at least 18 years old.  (Doc. 55, ¶16; Doc. 57, ¶16; *see also* Doc. 55-9 at 17).  At the time of the alleged assault, Plaintiff was fifteen years old. (*See* Doc. 55-9 at 14-15).

### 3.  LEGAL STANDARD

#### A. Summary Judgment

A court may only grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it might affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson*, 477 U.S. at 248.

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d

Cir. 2006)).  The court's role in deciding a motion for summary judgment is not to make credibility determinations, weigh evidence, or draw inferences from facts.  *Anderson*, 477 U.S. at 249.  Rather, the court must "simply determine whether there is a genuine issue for trial." *Id*.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue.  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.  The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Additionally, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of

11

fact as required by Rule 56(c)," the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see also Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613-14 (3d Cir. 2018).

## B. Section 1983

Plaintiff has alleged violations of his constitutional rights and filed suit under 42 U.S.C. § 1983. Section 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage...subjects, or causes to be subjected, any citizen ...or any other person...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, will be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 749 n. 9 (1999) (quoting *Baker v. McCollan*, 443 U.S. 137 144 n.3 (1979)). To prevail in an action under § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person

12

acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). "Action under color of state law 'requires that one liable under § 1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (quoting *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir.1998)).

### 4. DISCUSSION

Following Judge Carlson's August 6, 2024 Memorandum and Order, two claims remain against Detective Bohrman: false arrest and malicious prosecution. (Docs. 43, 44). Detective Bohrman has moved for summary judgment, asserting that summary judgment is appropriate as to both claims and alternatively, that he is entitled to qualified immunity. (Doc. 56 at 1-2). Given the "importance of resolving immunity questions at the earliest possible stage in litigation," we will first address qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 233 (2009).

13

### A. Qualified Immunity Standard

The doctrine of qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*, 555 U.S. at 231. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Thus, so long as an official reasonably believes that his conduct complies with the law, qualified immunity will shield that official from liability." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012) (citing *Pearson*, 555 U.S. at 244).

Qualified immunity shields officials from liability for civil damages brought pursuant to section 1983 "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Bland v. City of*

*Newark*, 900 F.3d 77, 83 (3d Cir. 2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). The official seeking qualified immunity has the burden of establishing their entitlement to the affirmative defense. *Halsey v. Pfeiffer*, 750 F.3d 273, 288 (3d Cir. 2014) (citing *Reedy v. Evanson*, 615 F.3d 197, 223 (3d Cir. 2010)). To determine whether an official is entitled to the affirmative defense of qualified immunity for a section 1983 claim, a court must determine (1) whether the official violated a constitutional right and, if so, (2) whether the right was clearly established. *Saucier*, 533 U.S. 194. The court is not required to conduct these inquiries sequentially. *Pearson,* 555 U.S. at 239-41.

However, if the court chooses to address the alleged constitutional violations, analysis of the merits for purposes of summary judgment merges with analysis of the deprivation of federal rights for purposes of qualified immunity. *See Gruenke v. Seip,* 225 F.3d 290, 299–300 (3d Cir.2000); *Russoli v. Salisbury Twp.,* 126 F.Supp.2d 821, 838–41 (E.D. Pa. 2000); *see also Grant v. City of Pittsburgh,* 98 F.3d 116, 122 (3d Cir. 1996) ("[C]rucial to the resolution of [the] assertion of qualified immunity is a careful examination of the record . . . to establish . . . a

15

detailed factual description of the actions of each individual defendant (viewed in a light most favorable to the plaintiff).").

### 1. Plaintiff Failed to Establish a Constitutional Violation with Respect to False Arrest.

Detective Bohrman maintains that he is entitled to qualified immunity because Plaintiff cannot establish the violation of a federal right. (Doc. 56 at 14). He maintains that he had "ample probable cause to justify both the arrest and prosecution of Cayenne, in the form of the victim's statement, as well as a statement from Cayenne himself." (*Id.*).

As to probable cause, earlier in Detective Bohrman's supporting brief, he notes that A.A. gave a statement detailing the sexual assault. (*Id.* at 9). Detective Bohrman asserts that this alone could establish probable cause. (*Id.*). Additionally, he asserts that his affidavit of probable cause also included notes on Plaintiff's interview with Dean Morrell and Plaintiff's statement.[5] (*Id.*). Detective Bohrman argues

---

[5] In support of his claim that probable cause exists, Detective Bohrman also points to a video of the incident. Detective Bohrman did not include any facts regarding the videotape in his statement of material facts and so, we will not consider them. (*See* Doc. 55) (Plaintiff's Motion

*(footnote continued on next page)*

that "[t]he undisputed material facts of record demonstrate that probable cause existed to arrest Plaintiff." (*Id.* at 7).

Plaintiff maintains that summary judgment is not appropriate as to his false arrest claim, stating, "[c]learly there is a genuine issue of material fact, as to whether there was probable cause supporting Detective Bohrman's arrest of Plaintiff." (Doc. 58 at 15). Plaintiff asserts that he and A.A. were high school classmates who provided different accounts of a sexual encounter. (*Id.*). While Plaintiff acknowledges that A.A. told police that "she did not consent to being digitally penetrated and groped by Plaintiff, this is belied by the fact that she never told him to stop, offered no physical resistance and did not plead for help." (*Id.*). Rather, Plaintiff maintains this conduct was "consistent with Plaintiff's claim that he sought her permission before being intimate." (*Id.*). Additionally, Plaintiff claims that "[i]n the

---

for Summary Judgment, which, as noted *supra*, we will construe as his statement of material facts); *see also Ismail v. Honeywell International, Inc.*, No. 1:21-CV-00143, 2024 WL 3033985, *7 n.5 (M.D. Pa. June 17, 2024) ("This assertion is not included in the statement of material facts, and, accordingly, we will not consider it.")

affidavit of probable cause, Detective Bohrman attested that there was a videotape which corroborated the claims of A.A.  However, that videotape was never provided to Plaintiff's counsel, and was not available for Plaintiff's adjudicatory hearing."  (*Id.*).

In a § 1983 claim based upon false arrest, the proper inquiry is "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. Philadelphia,* 855 F.2d 136, 141 (3d Cir.1995).  The Third Circuit has described the procedure for an officer seeking a warrant on the basis of probable cause as follows:

> First, the officer swears to an affidavit containing a summary of the events that she believes give rise to probable cause. In doing so, the officer 'is not free to disregard plainly exculpatory evidence, even if substantial inculpatory evidence (standing by itself) suggests that probable cause exists.' *Wilson v. Russo*, 212 F.3d 781, 790 (3d Cir. 2000) (quoting *Kuehl v. Burtis*, 173 F.3d 646, 650 (8th Cir. 1999)). Second, the officer presents the affidavit to a neutral magistrate, who conducts his own independent review of the evidence to determine whether it does, in fact, establish probable cause, and, if so, issues a warrant.
>
> In this way, our system protects the public from the harm caused by criminals as well as the harm

18

that would result if no process were required to
obtain a warrant; it allows officers to pursue
leads zealously while also ensuring that an
arrest warrant will issue only if 'a neutral and
detached magistrate' agrees with the officer
that probable cause exists. *Id.* at 787 ('[A]n
uninterested party is presumably better suited to
review and evaluate the facts than an officer
pursuing a lead.'); *see United States v. Leon*, 468
U.S. 897, 913-14, 104 S.Ct. 3405, 82 L.Ed.2d 677
(1984) ('[T]he detached scrutiny of a neutral
magistrate... is a more reliable safeguard [against
Fourth Amendment violations] than the hurried
judgment of a law enforcement officer....')
(quoting *United States v. Chadwick*, 433 U.S. 1, 9,
97 S.Ct. 2476, 53 L.Ed.2d 538 (1977)). If,
however, the officer does not provide the neutral
magistrate with an accurate affidavit of probable
cause, the protection afforded by the magistrate's
review is lost; the magistrate will be unable to
assess the circumstances for probable cause
because he will not know what those
circumstances actually are.

*Dempsey v. Bucknell University*, 834 F.3d 457, 469 (3d Cir. 2016).

Accordingly, to state a claim for false arrest based on a warrant,

the plaintiff must establish that the defendant: (1) "knowingly and

deliberately, or with reckless disregard for the truth, made false

statements or omissions that create a falsehood in applying for a

warrant;" and (2) that "such statements or omissions are material, or

necessary, to the finding of probable cause." *Wilson v. Russo,* 212 F.3d

781, 786–87 (3d Cir.2000) (quoting *Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir.1997)).

Here, Plaintiff does not specifically allege that Detective Bohrman "knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions" in his affidavit of probable cause. *See Wilson*, 212 F.3d at 781.  However, Plaintiff does allege – with no citation to the record – that "[i]n his affidavit of probable cause, Detective Bohrman attested that there was a videotape which corroborated the claims of AA."  (Doc. 58 at 15).  While we could construe this as an argument that Detective Bohrman made a false statement in the affidavit of probable cause, Detective Bohrman included no such attestation.  Plaintiff's contention is demonstrably false as Detective Bohrman attached a copy of the affidavit of probable cause as an exhibit to his Motion for Summary Judgment.  (*See* Doc. 55-

6 at 2). Nowhere in that document does Detective Bohrman reference a

videotape of the incident. (*Id*.).[6]

---

[6] We note that Plaintiff raises arguments about the videotape on three occasions in his opposition brief with no citation to any record evidence. (Doc. 58 at 16, 19, 21). Such arguments are insufficient to overcome a summary judgment motion. *See Wright v. Dallas School Dist*., No. 2007 WL 9775650, 2007 WL 9775650 (M.D. Pa. July 5, 2007) ("[t]o overcome a motion for summary judgment, it is the plaintiff's burden of presenting specific facts, with specific reference to the record.") While, as noted *supra*, we declined to consider the arguments advanced by either party regarding the videotape, based upon the record evidence regarding the videotape that we have reviewed, we are satisfied that consideration of such arguments would not have changed our analysis. The existence of probable cause is central to our analysis regarding whether Plaintiff established a constitutional violation as to both his false arrest and malicious prosecution claims. Detective Bohrman testified that he never saw the video. (Doc. 56-8 at 13:21-22). He testified that Dean Morrell and SRO Wile watched the video and reported that because of the angle and the location on the bus where A.A. and Plaintiff were seated, they were only able to see that the two did, in fact, sit together, and that Plaintiff did put his arm around her. (*Id*. at 14:5-14). Dean Morrell and SRO Wile reported that was all they were able to see on the video. (*Id*. at 13:16-17). There is no evidence that either party has pointed to that suggests the video footage could be characterized as exculpatory. In any event, Plaintiff has not argued that Detective Bohrman omitted this information from his affidavit of probable cause. Rather, he erroneously argued that Detective Bohrman "attested that there was a videotape which corroborated the claims of AA." (Doc. 58 at 15). Thus, even if we were to consider the parties' arguments regarding the videotape, it would not change the probable cause analysis.

Rather, the parties do not dispute that Detective Bohrman included both A.A. and Plaintiff's versions of events in his affidavit of probable cause.  (Doc. 55, ¶¶10; Doc. 57, ¶ 10) (stating that the affidavit included both A.A.'s statement to the school resource officer and Plaintiff's statement to the dean of students).  As Detective Bohrman correctly pointed out, A.A.'s statement alone was sufficient to establish probable cause.[7]  The Third Circuit's rule provides that "statements of a

_____

[7] Detective Bohrman asserts that he executed an affidavit of probable cause, alleging Cayenne committed the following acts: aggravated indecent assault without consent, 18 Pa.C.S. § 3125(A)(1); indecent assault without consent of other, 18 Pa.C.S. § 3126(A)(1); and open lewdness, 18 Pa.C.S. § 5901.  (Doc. 55 at ¶9).  The affidavit of probable cause does not specifically reference these (or any) offenses.  (*See* Doc. 55-6).  However, Plaintiff does not dispute Detective Bohrman's statement.  (Doc. 57 at ¶9).  18 Pa.C.S. § 3125(A)(1) provides that "a person who engages in penetration, however slight, of the genitals . . . of a complainant with a part of the person's body . . . commits aggravated indecent assault if . . . the person does so without the complainant's consent."  18 Pa.C.S. § 3126(A)(A) provides that "a person is guilty of indecent assault if the person has indecent contact with the complainant . . . and . . . the person does so without the complainant's consent.  Finally, 18 Pa.C.S. § 5901 provides that "a person commits a misdemeanor of the third degree if he does any lewd act which he knows is likely to be observed by others who would be affronted or alarmed."

victim witness are typically sufficient to establish probable cause in the absence of independent exculpatory evidence or substantial evidence of a witness's own unreliability that outweigh[s] the probable cause that otherwise exists." *Dempsey*, 834 F.3d at 477-78 (internal quotations and citations omitted); *see also Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) ("[w]hen a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause"), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199, 209-11 (3d Cir. 2007).

Neither party has pointed to any "substantial evidence" in the record of A.A.'s unreliability or to any "independent exculpatory evidence." The only evidence inconsistent with A.A.'s statement was Plaintiff's statement, asserting that the encounter was consensual. But Plaintiff's statement disputing A.A.'s account of the interaction does not negate the probable cause established by A.A.'s statement. *See Forde v. Home Depot*, No. 11-5823, 2011 WL 6372090 (E.D. Pa. Dec. 20, 2011) ("A policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as

initially discovered provide probable cause.") (quoting *Criss v. City of Kent*, 876 F.2d 259, 263 (6th Cir. 1988)); *Anderson v. Gaga*, No. 11-528, 2013 WL 3242445, *3 (W.D. Pa. June 25, 2013) (quoting *Pearson v. Lorancaitis*, No. 3:09-cv-1641, 2012 WL 162355 (D. Conn. Jan. 19, 2012) ("a finding of probable cause is not foreclosed where a police officer is presented with different stories from an alleged victim and an arrestee.")).

Because there is no genuine dispute as to whether Detective Bohrman "knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant," probable cause existed and Plaintiff cannot establish a constitutional violation. Accordingly, Detective Bohrman is entitled to qualified immunity as to Plaintiff's false arrest claim. *See Ward v. Noonan*, 147 F.Supp.3d 262, 287 (M.D. Pa. Nov. 25, 2015) (trooper entitled to qualified immunity where probable cause existed for arrest); *Giacalone v. Northeastern Pennsylvania Insurance Fraud Task Force*, No. 3:11-CV-01647, 2013 WL 12145004 (M.D. Pa. Aug. 6, 2013) (defendant entitled to qualified immunity because plaintiff failed to make out violation of constitutional right where probable cause existed).

The failure to establish a constitutional violation also requires a finding that Detective Bohrman is entitled to summary judgment with respect to Plaintiff's claim of false arrest.

### 2. Plaintiff Failed to Establish a Constitutional Violation with Respect to Malicious Prosecution.

Again, Detective Bohrman argues that he is entitled to qualified immunity because he had "ample probable cause" to justify the prosecution of Cayenne, and so, Plaintiff cannot establish a constitutional violation. (Doc. 56 at 14). Earlier in his supporting brief, Detective Bohrman argues in more detail that the existence of probable cause vitiates Plaintiff's malicious prosecution claim. (*Id*. at 12-13). Additionally, Detective Bohrman again makes arguments about the videotape.[8] (*Id*. at 12). Detective Bohrman also argues that Plaintiff failed to allege the role that Detective Bohrman may have played in the prosecution, and in any event, "Assistant District Attorney Matthew Bernall made the decision to file charges against [Plaintiff.]" (Doc. 56).

---

[8] For the reasons set forth *supra* in note 5, we will not consider these arguments.

25

Finally, Detective Bohrman argues that the criminal proceeding did not end in Plaintiff's favor.  (Doc. 56 at 13).  Detective Bohrman argues that Plaintiff "entered a voluntary admission to the crime of corruption of minors."  (*Id.*).  While the Superior Court ultimately reversed and vacated that adjudication of delinquency, Detective Bohrman argues that neither the Superior Court nor Plaintiff disputed the factual basis of the admission.  (*Id.*).

In response, Plaintiff argues, "Detective Bohrman initiated the criminal proceedings against him by swearing out a false affidavit of probable cause for his arrest then subsequently arresting Plaintiff." (Doc. 58 at 18).  He further maintains, "[t]he prosecution against Plaintiff culminated in the Plaintiff's misdemeanor conviction being vacated by the Superior Court of Pennsylvania after it was clear that Plaintiff was arrested without probable cause as evidenced by the proceeding section."  (*Id.*).

It is well-settled that "[t]o prove malicious prosecution [under § 1983]. . . a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor*;* (3) the proceeding was initiated without probable cause; (4) the

26

defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).  To prevail on a claim of malicious prosecution, a plaintiff must satisfy each element.  *McCormack v. Livergood*, 353 F.Supp.3d 357, 365 (M.D. Pa. 2018); *Ward v. Noonan*, 147 F.Supp.3d 262, 281 (M.D. Pa. 2015) ("If Plaintiffs have not proffered evidence sufficient to create a triable issue of fact as to all five prongs, their malicious prosecution claim must fail as a matter of law.")

As set forth *supra*, there is no genuine dispute of material fact regarding whether probable cause existed for Plaintiff's arrest. Accordingly, Plaintiff cannot establish a constitutional violation with respect to malicious prosecution.  *See McCormack*, 353 F.Supp.3d at 365 (plaintiff must satisfy each element to establish malicious prosecution). Detective Bohrman is therefore entitled to qualified immunity with respect to this claim.

Further, because Plaintiff cannot establish a constitutional violation with respect to his malicious prosecution claim, it necessarily

27

follows that Detective Bohrman is entitled to summary judgment as to this claim as well.

## 5. <u>CONCLUSION</u>

For all of the reasons set forth herein, we will grant Detective Bohrman's Motion for summary judgment.

An appropriate Order is filed simultaneously with this Memorandum.

**Dated:** September 30, 2025                          *<u>s/ Leo A. Latella</u>*
                                                        **LEO A. LATELLA**
                                                        **United States Magistrate Judge**

28